## MATTER OF GREGORY, PETITIONER.

### PETITION FOR WRIT OF HABEAS CORPUS.

No. 17, Original.   Argued December 5, 1910.—Decided January 3, 1911.

*Habeas corpus* cannot be made to perform the functions of a writ of
   error, and this court is concerned only with the questions of
   whether the information is sufficient, or whether the committing
   court properly applied the law if that court had jurisdiction to
   try the issues and render the judgment. *Harlan* v. *McGourin*, 218
   U. S. 442.

The provisions and prohibitions of § 1176 of the Revised Statutes re-
   lating to the District of Columbia are not limited to transactions
   previously licensed by the act of August 23, 1871, but expressly in-
   clude gift enterprises conducted in any manner, whether defined in
   said act or otherwise.

Section 1177 of the Revised Statutes relating to the District of Co-
   lumbia punishes a recognized category of offenses within the power
   of Congress to punish, and is not controlled or rendered invalid by a
   definition of the prohibited crime in an earlier statute which has
   been repealed.

Where the statute defining the crime is valid, it is within the range of
   judicial consideration to determine whether the acts of the accused
   are within the definition, and if the court has jurisdiction its judg-
   ment cannot be reviewed on *habeas corpus*.

The police court of the District of Columbia has jurisdiction to try
   persons charged on information of violating § 1177 of the Revised
   Statutes relating to the District of Columbia prohibiting engaging in
   gift enterprises, and the judgment of that court determining that the
   acts of accused fell within the definition of gift enterprise is not re-
   viewable on *habeas corpus* proceedings.

THE facts, which involve the constitutionality and con-
struction of §§ 1176, 1177 of the Revised Statutes relating
to the District of Columbia prohibiting and punishing
gift-enterprises, and the validity of a conviction there-
under, are stated in the opinion.

*Mr. John Hall Jones* and *Mr. W. Benton Crisp* for petitioner:

Section 1177 of the Revised Statutes relating to the District of Columbia does not define gift-enterprises. Such definition is found in the laws of the District of Columbia, 1871–73, Part II, 96, and see *Re Lansburgh*, 11 App. D. C. 512, and opinion in *District* v. *Kraft*, referred to in petition in this case.

The answer filed herein bases the jurisdiction of the Police Court upon the act of 1873. The information merely charges petitioner with engaging in the business of a gift-enterprise, which comes within the definition of the act of 1871, and charges a perfectly innocent business transaction involving neither moral turpitude, nor any element of chance.

The court has original jurisdiction to issue the writ of *habeas corpus* in this case. *Ex parte Bollman & Swartwout*, 4 Cr. 75; *Ex parte Yerger*, 8 Wall. 85; *Ex parte Virginia*, 100 U. S. 339; *Ex parte Siebold*, 100 U. S. 371.

The prohibition contained in this statute is in violation of the Fifth Amendment to the Constitution of the United States, in that it deprives petitioner of liberty and property without due process of law, and the courts below were, therefore, without jurisdiction to try and sentence petitioner. *Lochner* v. *New York*, 198 U. S. 47, 53; *Mugler* v. *Kansas*, 123 U. S. 623, 661; *Lawton* v. *Steele*, 152 U. S. 133; *McLean* v. *Arkansas*, 211 U. S. 539, 547; *O'Keefe* v. *Somerville*, 190 Massachusetts, 110; *Young* v. *Commonwealth*, 101 Virginia, 853; *People* v. *Gillson*, 109 N. Y. 389; *People* v. *Zimmerman*, 102 App. Div. 103; *State* v. *Hyman*, 98 Maryland, 596, 613; *Toledo R. R. Co.* v. *Jacksonville*, 67 Illinois, 37, 40; *State* v. *Loomis*, 115 Missouri, 307, 313; *Ex parte Drexel & Holland*, 147 California, 763, 767; *State* v. *Dalton*, 22 R. I. 77, 80.

The act does not affect the public health, safety and morals.

In the following cases the petitioner's business has been held to be legal: *Humes* v. *Little Rock*, 138 Fed. Rep. 929; *Hawaii* v. *Gunst*, 18 Hawaii, 196; *Sperry & Hutchinson Co.* v. *Weber*, 161 Fed. Rep. (Ill.) 219; *Sperry & Hutchinson Co.* v. *Temple*, 137 Fed. Rep. (Mass.) 992; *Ex parte Hutchinson*, 137 Fed. Rep. (Oregon) 950; *Sperry & Hutchinson Co.* v. *Brady*, 134 Fed. Rep. (Penna.) 691; *Same* v. *Mechanics' Cloth Co.*, 135 Fed. Rep. (R. I.) 833; *Same* v. *Same*, 128 Fed. Rep. (R. I.) 800; *Ex parte Hutchinson*, 137 Fed. Rep. (Wash.) 949; *State* v. *Shugart*, 138 Alabama, 86; *Montgomery* v. *Kelly*, 142 Alabama, 552; *Ex parte McKenna*, 126 California, 429; *Ex parte Drexel & Holland*, 147 California, 763; *Denver* v. *Frueauff*, 39 Colorado, 20; *Hewin* v. *Atlanta*, 121 Georgia, 731; *O'Keefe* v. *Somerville*, 190 Massachusetts, 110; *Commonwealth* v. *Emerson*, 165 Massachusetts, 149; *Commonwealth* v. *Sisson*, 178 Massachusetts, 578; *Sperry & Hutchinson Co.* v. *Temple*, 137 Fed. Rep. 992; *Long* v. *Maryland*, 74 Maryland, 565; *Attorney General* v. *S. & H. Co.*, 126 N. W. Rep. (Minn.) 120; *State* v. *Ramseyer*, 73 N. H. 31; *People* v. *Gillson*, 109 N. Y. 389; *People* v. *Dycker*, 72 App. Div. 308; *People* v. *Zimmerman*, 102 App. Div. 103; *Winston* v. *Beeson*, 135 N. C. 271; *Commonwealth* v. *Moorhead*, 7 Penn. Co. Ct. Rep. 513; *State* v. *Dalton*, 22 R. I. 77; *State* v. *Dodge*, 76 Vermont, 197; *Young* v. *Commonwealth*, 101 Virginia, 853.

*Mr. Edward H. Thomas* and *Mr. William Henry White*, with whom *Mr. Francis H. Stephens* was on the brief, for respondent.

MR. JUSTICE HUGHES delivered the opinion of the court.

This is a petition for a writ of *habeas corpus*. By information filed in the Police Court of the District of Columbia, the petitioner was -charged with engaging "in

the business of a gift-enterprise" in violation of § 1177 of the Revised Statutes relating to the District of Columbia. Thereupon an agreed statement of facts was filed, by which it appeared that the petitioner, as the managing officer of The Sperry & Hutchinson Company, was conducting, within the District, its business of issuing and redeeming so-called "trading stamps" in the particular manner set forth. It was stipulated that the statement should be considered as a part of the information, and the petitioner made a motion to quash. This motion was sustained and the petitioner was discharged. On writ of error, the Court of Appeals of the District of Columbia reversed the judgment of the Police Court and ordered the cause to be remanded for further proceedings in conformity with its opinion. Application was made to this court for a writ of certiorari, which was refused. 218 U. S. 673. The petitioner was then arraigned in the Police Court, pleaded not guilty, and waived trial by jury; and the case was submitted to the court upon the agreed statement. Judgment of guilty was entered and the petitioner was sentenced to pay a fine. He then obtained leave of this court to file the present petition.

The only question before us is whether the Police Court had jurisdiction. A *habeas corpus* proceeding cannot be made to perform the function of a writ of error and we are not concerned with the question whether the information was sufficient or whether the acts set forth in the agreed statement constituted a crime, that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render the judgment. *Ex parte Kearney,* 7 Wheat. 38; *Ex parte Watkins,* 3 Pet. 193; *Ex parte Parks,* 93 U. S. 18; *Ex parte Yarbrough,* 110 U. S. 651; *In re Coy,* 127 U. S. 731; *Gonzales* v. *Cunningham,* 164 U. S. 612; *In re Eckart,* 166 U. S. 481; *Storti* v. *Massachusetts,* 183 U. S. 138; *Dimmick* v. *Tompkins,* 194 U. S. 540; *Hyde* v. *Shine,* 199 U. S.

62, 83; *Whitney* v. *Dick*, 202 U. S. 132, 136; *Kaizo* v. *Henry*, 211 U. S. 146, 148. This rule has recently been applied in a case where it was contended in a *habeas corpus* proceeding that the record should be examined to determine whether there was any testimony to support the accusation. And this court, affirming the judgment which discharged the writ, said by Mr. Justice Day: "The contention is that in the respects pointed out the testimony wholly fails to support the charge. The attack is thus not upon the jurisdiction and authority of the court to proceed to investigate and determine the truth of the charge, but upon the sufficiency of the evidence to show the guilt of the accused. This has never been held to be within the province of a writ of *habeas corpus*. Upon *habeas corpus* the court examines only the power and authority of the court to act, not the correctness of its conclusions." *Harlan* v. *McGourin*, 218 U. S. 442.

We come then to the grounds upon which the jurisdiction of the Police Court is assailed. It is urged that the prohibition contained in the statute under which the information was brought is unconstitutional, in that it violates the Fifth Amendment of the Constitution of the United States by depriving the petitioner of liberty and property without due process of law. The information rested on § 1177 of the Revised Statutes relating to the District of Columbia, which makes it a crime "in any manner" to engage "in any gift-enterprise business" in the District. If this section be read alone no basis appears for the argument of invalidity. It cannot be said that the words "gift-enterprise business" are so uncertain as to make the prohibition nugatory, or that they necessarily include conduct which lies outside the range of legislative interference in the exercise of the police power. While these words are general, they may be regarded as embracing a class of transactions which the legislature is competent to condemn. Thus a "gift-

enterprise" has been defined to be "a scheme for the division or distribution of certain articles of property, to be determined by chance, amongst those who have taken shares in the scheme." Bouvier's Law Dictionary (Rawle's Rev.), p. 884; Black's Law Dictionary, p. 539; Anderson's Law Dictionary, p. 488. See also *Lohman* v. *State*, 81 Indiana, 15, 17; *Winston* v. *Beeson*, 135 N. C. 271, 279; *Randle* v. *State*, 42 Texas, 580.

But it is said that § 1177 must be read in connection with § 1176, which in turn has reference to the act of the Legislative Assembly of the District of Columbia approved August 23, 1871. The argument in substance is that these statutes furnish a controlling definition of the words "gift-enterprise business" as used in § 1177, and that if this be so, the section must be held unconstitutional.

The act passed in 1871 by the Legislative Assembly of the District of Columbia, to which reference is made, was entitled "An act imposing a license on trades, business, and professions practiced or carried on in the District of Columbia." It provided as follows:

"The proprietors of gift enterprises shall pay one thousand dollars annually. Every person who shall sell or offer for sale any real estate or article of merchandise of any description whatever, or any ticket of admission to any exhibition or performance, or other place of amusement, with the promise, expressed or implied, to give or bestow, or in any manner hold out the promise of gift or bestowal, of any article or thing, for and in consideration of the purchase by any person of any other article or thing, whether the object shall be for individual gain or for the benefit of any institution, of whatever character, or for any purpose whatever, shall be regarded as a gift enterprise: *Provided*, That no such proprietor, in consequence of being thus taxed, shall be exempt from paying any other taxes imposed by law, and the license herein

required shall be in addition thereto." Laws of the District of Columbia, 1871–72, Part II, pp. 96, 97.

Congress, by act of February 17, 1873, c. 148, 17 Stat. 464, disapproved and repealed this legislation and enacted the prohibitions which later were incorporated in §§ 1176 and 1177 of the Revised Statutes relating to the District of Columbia, as follows:

"SEC. 1176. So much of the act of the legislative assembly of the District of Columbia entitled 'An act imposing a license on trades, business and professions, practiced or carried on in the District of Columbia,' approved August twenty-third, eighteen hundred and seventy-one, as authorizes gift-enterprises therein, and licenses to be issued therefor, is disapproved and repealed, and hereafter it shall be unlawful for any person or persons to engage in said business in any manner as defined in said act or otherwise.

"SEC. 1177. Every person who shall in any manner engage in any gift-enterprise business in the District shall, on conviction thereof in the police court, on information filed for and on behalf of the District, pay a fine not exceeding one thousand dollars, or be imprisoned in the District jail not less than one nor more than six months, or both, in the discretion of the court."

It will be observed that while § 1176 refers to the District act of 1871, and to "gift enterprises" as therein described, it does not treat that description as exclusive. It assumes that there are other gift enterprises than those defined in the act of 1871. It denounces the former not less than the latter. It does not limit its provisions to the transactions which previously had been licensed under the act of 1871, but expressly includes gift enterprises conducted "*in any manner as defined in said act or otherwise.*"

The purpose of the provision of § 1176 was to disapprove and repeal the former authorization, but not to es-

tablish an exclusive definition ·based upon it. The language of § 1176 conclusively negatives such an intention. It follows that § 1177 is not controlled by the definition to be found in the act of 1871. Even if it were assumed that the condemnation contained in § 1176 of the transactions particularly described in the act of 1871 was too sweeping, and that Congress went beyond its power in giving the prohibition ·so wide a scope, this would not affect the provision of § 1177, relating, as we have seen, to a recognized category of offenses for which it was within the power of Congress to prescribe punishment. Whether it be read alone or in the light of its context, § 1177 cannot be.adjudged invalid. And it is upon this section that the information in question was based.

· We have then a statute with valid operation. This being established there can be no question that it conferred upon the Police Court, by its express terms, jurisdiction of the ·offense, and that court tried and convicted the petitioner.

But it is insisted that the facts do not support the conviction. The argument ignores the nature of this proceeding, unless it be meant that no colorable question was presented; that on the agreed statement of facts and viewing the statute as prohibiting transactions involving the element of chance, there was such an obvious and palpable want of criminality that the judicial judgment cannot be said to have been invoked, and that therefore the court had no jurisdiction to determine whether or not the statute had been violated.

Such a contention is without merit. It is by no means manifest that the scheme or enterprise in which the petitioner was engaged lay .outside the range of judicial consideration under the statute. On the contrary, the agreed statement of facts presented questions requiring the exercise of judicial judgment, and the case falls within the well-established rule. Given a valid enactment, the

question (assuming it to be one demanding judicial examination) whether a particular case falls within the prohibition is for the determination of the court to which has been confided jurisdiction over the class of offenses to which the statute relates.

As said by Chief Justice Marshall in *Ex parte Watkins,* 3 Pet. 193, on p. 203: "The judgment of such a tribunal has all the obligation which the judgment of any tribunal can have. To determine whether the offence charged in the indictment be legally punishable or not, is among the most unquestionable of its powers and duties. The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner. The judgment is equally binding in the one case and in the other; and must remain in full force unless reversed regularly by a superior court capable of reversing it." And in *Ex parte Parks,* 93 U. S. 18, on page 20, the court said: "Whether an act charged in an indictment is or is not a crime by the law which the court administers (in this case the statute law of the United States), is a question which has to be met at almost every stage of criminal proceedings; on motions to quash the indictment, on demurrers, on motions to arrest judgment, etc. The court may err, but it has jurisdiction of the question."

In hearing this application, this court does not sit to review the correctness of the conclusion of the Police Court as to the violation of the statute by the petitioner, or of the decision of the Court of Appeals of the District as to the sufficiency of the information filed against him. The question here is not one of guilt or innocence, but simply whether the court below had jurisdiction to try the issues. And as we find that the statute conferred that jurisdiction the application for a writ of *habeas corpus* must be denied.

*Rule discharged and petition dismissed.*