## PETERSON v. KEIFFER.

District Court, D. New Jersey.
May 21, 1931.

Leslie P. Whelan, of Chicago, Ill., for petitioner.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J., for respondent.

AVIS, District Judge.

Petitioner applied for, and was allowed, a writ of habeas corpus.

An indictment was returned against petitioner by a grand jury in the United States District Court of the District of Minnesota, Fourth Division, on September 28, 1926. This indictment charged petitioner with subornation of perjury, a crime under the provisions of the Criminal Code § 126 (18 USCA § 232). The petitioner made no contest, but pleaded guilty, and was sentenced by the court to a term of imprisonment, which is not an issue in this proceeding.

At the same time that petitioner was indicted, another indictment was returned, by the same grand jury, against Frank Danaher, charging against him a similar offense, although involving different persons, but the language of the indictment being substantially identical with that in the Peterson indictment.

Danaher pleaded not guilty, went to trial, and was convicted. An appeal was taken from this conviction, and the Circuit Court of Appeals [39 F.(2d) 325], by a divided court, set aside the conviction on two grounds: First, that the indictment was insufficient to charge the offense alleged to have been committed, and, second, that the evidence produced at the trial was not convincing, but was as consistent with innocence as with guilt.

Because of the reversal of this judgment, based upon the indictment, containing substantially the same allegations of fact as the indictment against the petitioner, he claims that the court should release him from imprisonment on habeas corpus.

There is no challenge to the jurisdiction of the court, or as to the constitutionality of the statute under which the indictment was found. No allegation is made that the sentence was in excess of that authorized by law.

When the writ was originally allowed, the court had some doubt as to its right to consider the application. I am now satisfied, however, that this court is invested with jurisdiction to hear and determine the issue raised.

I am impressed with the belief that the guilty plea waived all irregularities, but will consider the case from the standpoint of the right of the petitioner to his release from custody under habeas corpus. The general rule of law is that the writ of habeas corpus may not be used to take the place of a writ of error or appeal.

Counsel, in his brief, cites the case of Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849, as sustaining the contention that this court has power, authority, and jurisdiction, where an indictment charges no offense, to order the release of a prisoner on habeas corpus, and with this I agree, but in that case the fact developed that the trial court by order had stricken out certain words in the indictment, and because of this action the Supreme Court held that the indictment on which the defendant was tried was "no indictment of a grand jury." Upon this holding the trial court had no jurisdiction to try because no indictment was pending. This is quite different from saying that the trial court has no jurisdiction under an indictment, properly found and returned, even though it may not technically state an offense.

The other Supreme Court cases cited, to wit, Ex parte Lange, 18 Wall. (85 U. S.) 163, 21 L. Ed. 872; In re Snow, 120 U. S. 274, 7 S. Ct. 556, 30 L. Ed. 658; Hans Nielsen, Petitioner, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118; In re Frederich, 149 U. S. 70, 13 S. Ct. 793, 37 L. Ed. 653; In re Swan, 150 U. S. 637; In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149, and on which counsel for petitioner relies as supporting his theory, are all distinguished by the fact that they deal with the primary jurisdiction of the court, or the imposition of a sentence not authorized by law, or a violation of a right under the Constitution.

In the case of Stevens v. McClaughry (C. C. A. 8) 207 F. 18, 51 L. R. A. (N. S.) 390, cited by counsel, the defendant had been convicted and sentenced, on separate counts of an indictment, alleging sundry offenses, which were committed at the same time and place, and as parts of a continuous criminal act. The court on habeas corpus properly held that the trial court's jurisdiction did not extend to sentencing defendant on each count, and ordered his discharge after he had served the maximum punishment that could be imposed for a single offense.

An examination of the cited case, Mintie v. Biddle (C. C. A. 8) 15 F.(2d) 931, shows that the trial court there lost jurisdiction by a long postponement of sentence.

■ I have examined carefully all of the cases submitted by counsel for petitioner, and in each case there are facts and circumstances which distinguish them from the general rule. The instant case does not contain any of these characteristics, and decision is controlled by the doctrine set forth in numerous Supreme Court cases and followed in the various circuits.

The case of Glasgow v. Moyer, 225 U. S. 420, 32 S. Ct. 753, 56 L. Ed. 1147, in which the court reviews the prior cases, holds:

"The writ of habeas corpus cannot be made to perform the office of a writ of error. This has been decided many times, and, indeed, was the ground upon which a petition of appellant for habeas corpus to this court, before his trial, was decided. It is true, as we have said, that the case had not then been tried, but the principle is as applicable and determinative after trial as before trial. This was decided in one of the cases cited,—In re Lincoln, 202 U. S. 178, 26 S. Ct. 602, 50 L. Ed. 984, which cited other cases to the same effect. Subsequent cases have made the principle especially pertinent to the case at bar. Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849, was an appeal from a judgment discharging a writ of habeas corpus petitioned for after conviction, and it was held that the writ could not be used for the purpose of proceedings in error, but was confined to a determination whether the restraint of liberty was without authority of law. In other words, as it was said, 'Upon habeas corpus the court examines only the power and authority of the court to act, not the correctness of its conclusions.' Matter of Gregory, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184, was a writ of habeas corpus brought after conviction, and we said that we were not concerned with the question whether the information upon which the petitioner was prosecuted and convicted was sufficient or whether the case set forth in an agreed statement of facts constituted a crime —that is to say, whether the court properly applied the law—if it be found that the court had jurisdiction to try the issues and to render judgment. And for this many cases were cited.

"The principle is not the less applicable because the law which was the foundation of the indictment and trial is asserted to be unconstitutional or uncertain in the description of the offense. Those questions, like others, the court is invested with jurisdiction to try if raised, and its decision can be reviewed, like its decisions upon other questions, by writ of error. The principle of the cases is the simple one that if a court has jurisdiction of the case, the writ of habeas corpus cannot be employed to re-try the issues, whether of law, constitutional or other, or of fact." Pages 428, 429 of 225 U. S., 32 S. Ct. 753, 755.

In Johnson v. Hoy, 227 U. S. 245, 33 S. Ct. 240, 57 L. Ed. 497, the court followed the Moyer Case, and held: "The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases, as pointed out in Ex parte Royall, 117 U. S. 241, 6 S. Ct. 734, 29 L. Ed. 868. This is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on habeas corpus the constitutionality of the statute under which he was indicted, was decided in Glasgow v. Moyer, 225 U. S. 420, 32 S. Ct. 753, 56 L. Ed. 1147. That and other similar decisions have so definitely established the general principle as to leave no room for further discussion. Riggins v. United States, 199 U. S. 547, 26 S. Ct. 147, 50 L. Ed. 303." Page 247 of 227 U. S., 33 S. Ct. 240, 241.

This doctrine was followed in the case of Craig v. Hecht, 263 U. S. 255, 277, 44 S. Ct. 103, 106, 68 L. Ed. 293, wherein the court said: "The Circuit Court of Appeals correctly applied the well-established general rule that a writ of habeas corpus cannot be utilized for the purpose of proceedings in error. Harlan v. McGourin, 218 U. S. 442, 445, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Matter of Gregory, 219 U. S. 210, 213, 217, 31 S. Ct. 143, 55 L. Ed. 184; Glasgow v. Moyer, 225 U. S. 420, 428, 429, 32 S. Ct. 753, 56 L. Ed. 1147."

The right of release on habeas corpus, because of defects in the indictment or information, was directly decided in Knewel v. Egan, 268 U. S. 442, 446, 45 S. Ct. 522, 69 L. Ed. 1036. Mr. J. Stone, delivering the opinion of the court, said: "It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is

charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings. Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; Ex parte Yarbrough, 110 U. S. 651, 4 S. Ct. 152, 28 L. Ed. 274; Ex parte Parks [93 U. S. 18, 23 L. Ed. 787], supra; In re Coy [127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274], supra; Bergemann v. Backer [157 U. S. 655, 15 S. Ct. 727, 39 L. Ed. 845], supra; Howard v. Fleming, 191 U. S. 126, 24 S. Ct. 49, 48 L. Ed. 121; Dimmick v. Tompkins, 194 U. S. 540, 24 S. Ct. 780, 48 L. Ed. 1110; In re Eckart, 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070." Page 446 of 268 U. S., 45 S. Ct. 522, 524.

This principle has not been altered or changed by any subsequent Supreme Court decision.

It was followed in the cases of Ex parte Brede (D. C. E. D. N. Y.) 279 F. 147, and Ex parte Craig (C. C. A. 2) 282 F. 138, 139.

The general doctrine expounded in these cases is: "After a judgment of conviction, the only question on habeas corpus is not whether the judgment was erroneous, but whether the court had jurisdiction to try the issue and render the judgment."

In the case of Cardigan v. Biddle, Warden (C. C. A. 8) 10 F.(2d) 444, 447, the court said: "Where one seeks discharge from confinement after conviction for an offense upon a petition for habeas corpus, the sole questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. Tullidge v. Biddle (C. C. A. 8) 4 F.(2d) 897; Franklin v. Biddle (C. C. A. 8) 5 F.(2d) 19; Knewel v. Egan, 268 U. S. 442, 445, 45 S. Ct. 522, 69 L. Ed. 1036." Page 447 of 10 F.(2d).

Manning v. Biddle, Warden (C. C. A. 8) 14 F.(2d) 518, which is cited in petitioner's brief, seems to hold favorably to his contention, but the court there said that the indictment attempted to charge an impossible offense, and was "wholly void." The principle of this case does not conflict with the general rule, but the court in that case, without referring to any decisions, held the indictment void, and thereupon used the writ to discharge the defendant from custody. After a careful reading of the opinion, I may say that I am not able to agree with that court's reasoning, but whether or not the conclusion was justified in that case it has no controlling effect in the instant case.

The case of McIntosh v. White, Warden, 21 F.(2d) 934 (decided in the same circuit), follows the doctrine of the case of Cardigan v. Biddle, Warden, supra, and does not refer to the case of Manning v. Biddle, Warden, supra.

The following cases in the Eighth Circuit, to wit, Brown v. White, Warden, 24 F.(2d) 392; Reese v. White, Warden, 25 F.(2d) 65, and Willis v. White, Warden, 31 F.(2d) 980, all adopt the doctrine in Knewel v. Egan, supra, and firmly establish the principle to be followed.

I am satisfied that the failure of the indictment in a technical respect did not make it void, and that the trial court had jurisdiction of the cause and the right to impose sentence. Under these circumstances, the writ of habeas corpus cannot be used to discharge the defendant from custody.

The prayer of the petition is denied, and the petitioner remanded to the custody of the Attorney General.