## NELSON v. UNITED STATES.
### No. 5390.

Court of Appeals of the District of Columbia.
Argued Oct. 6, 1931.
Decided Nov. 9, 1931.

Alfred M. Schwartz, of Washington, D. C., for plaintiff in error.

Leo A. Rover, William W. Bride, and Vernon E. West, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case is here on writ of error to the juvenile court of the District of Columbia.

Plaintiff in error, Augustus W. Nelson, was there convicted by a jury of nine men and three women of being the father of a bastard child, and ordered to pay $3 weekly and give bond for its support.

The information was in the name of the United States, and was so prosecuted by the assistant corporation counsel.

A motion for a new trial on the ground, among others, that the jury was illegally constituted because of the presence thereon of women, was overruled.

A motion in arrest of judgment on the ground, among others, that the prosecution should have been in the name of the District of Columbia, was likewise overruled.

Only these two questions are here by four assignments of error.

By first raising the question of the constitution of the jury panel on motion for a new trial plaintiff in error precludes its consideration here.

This court has repeatedly held that a motion for a new trial, being addressed to the sound discretion of the trial court, is not ordinarily reviewable. Price v. United States, 14 App. D. C. 401; West v. United States, 20 App. D. C. 351; Paolucci v. United States, 30 App. D. C. 220, 12 Ann. Cas. 920.

And the ground assigned here does not warrant an exception to the rule. Code, D.

C., title 6, § 367; Johnson v. United States, 225 U. S. 420, 32 S. Ct. 748, 56 L. Ed. 1142; Alexander v. United States, 138 U. S. 353, 11 S. Ct. 350, 34 L. Ed. 954; Howard v. United States, 58 App. D. C. 180, 26 F.(2d) 551.

The other two assignments of error are different statements of the contention that the information was improperly brought in the name of the United States, but, even if this were so, no attempt is made to show how the defendant was prejudiced thereby.

This court has held that, if the indictment charges an offense against the defendant, defects or imperfections in matter of form will not avail him on motion in arrest or on appeal, unless it appears that he was prejudiced thereby. Dufour v. United States, 37 App. D. C. 500, following Connors v. United States, 158 U. S. 408, 15 S. Ct. 951, 39 L. Ed. 1033; Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606.

And, in a case where it was claimed that a prosecution in the name of the United States should have been in the name of the District of Columbia, we have decided that the point was purely technical in character and involved no substantial right. United States v. Cella, 37 App. D. C. 433.

It follows that the judgment of the juvenile court should be affirmed, and it is so ordered.