## WIDENER v. HARRIS, Superintendent of Federal Industrial Institution for Women.

### No. 3294.

Circuit Court of Appeals, Fourth Circuit.

Aug. 1, 1932.

Stuart M. Wood, of Charleston, W. Va., for appellant.

Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va. (James Damron, U. S. Atty., and Philip Angel, Asst. U. S. Atty., both of Huntington, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a habeas corpus proceeding. Petitioner was indicted with her husband for violation of section 3296 of the Revised Statutes (26 USCA § 404). The indictment contained two counts, one charging removal of distilled spirits on which the tax had not been paid, the other charging concealment after removal. Petitioner pleaded guilty to the charges contained in the indictment and on May 16, 1931, was sentenced to five years' imprisonment in the Federal Industrial Institution for Women at Alderson, W. Va. She entered upon the service of the sentence, but later filed with the judge below a petition for a writ of habeas corpus in which she alleged that she had been misled into entering the plea of guilty, that the judge in sentencing her had taken into consideration a charge of crime of which she had been acquitted and that the sentence imposed upon her was not authorized by statute and constituted cruel and unusual punishment forbidden by the Constitution (Const. Amend. 8). After a hearing had upon the return to the writ, the judge denied the prayer of the petitioner to be released from custody; and from the order discharging the writ she prosecutes this appeal.

It is clear that in habeas corpus proceedings the court cannot consider such matters as the fact that petitioner was misled into entering a plea of guilty, that the judge in imposing punishment improperly considered a charge of crime of which petitioner had been acquitted, or that the punishment was excessive in view of the facts of the case. These are matters which must be availed of in the original cause. "Upon habeas corpus the court examines only the power and authority of the court to act, not the correctness of its conclusions." Matter of Gregory, 219 U. S. 210, 31 S. Ct. 143, 144, 55 L. Ed. 184; Glasgow v. Moyer, 225 U. S. 420, 428, 32 S. Ct. 753, 56 L. Ed. 1147. It is well settled that the writ may not be used to correct errors or abuses of discretion in a proceeding in which petitioner has been sentenced; and that nothing in the habeas corpus proceeding can be used to add to or amplify the record in the cause in which sentence was imposed. Johnson v. Hoy, 227 U. S. 245, 33 S. Ct. 240, 57 L. Ed. 497; Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; In re Lincoln, 202 U. S. 178, 26 S. Ct. 602, 50 L. Ed. 984; Riggins v. U. S., 199 U. S. 547, 26 S. Ct. 147, 50 L. Ed. 303; Moyer v. Anderson (C. C. A. 5th) 203 F. 881; Clayman v. Smithers (C. C. A. 4th) 18 F.(2d) 955; Riggs v. Workman (C. C. A. 4th) 14 F.(2d) 5, 10.

The only question which we may consider upon this appeal, therefore, is whether the sentence imposed upon petitioner is justified by the record in the original cause; and this question can be disposed of in a few words. The indictment in that case contained two counts charging distinct offenses under the law. Mickle v. U. S. (C. C. A. 8th) 33 F.(2d) 684. And cf. Albrecht v. U. S., 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505; Clayman v. Smithers, supra. As a sentence of three years was authorized under each count, the term of five years imposed was within the discretion as to punishment vested by the statute in the District Judge. The fact that a penalty in double the amount of the tax was not imposed did not render the judgment void, nor was it a matter of which petitioner could complain. Jordan v. U. S. (C. C. A. 4th) 60 F.(2d) 4, decided June 30, 1932.

The principal contentions of petitioner are that the punishment imposed was out of proportion to the offense charged, that her plea of guilty was entered under a misapprehension, and that the trial judge improperly considered, in fixing punishment, a charge of crime of which she had been acquitted. But, as stated, these are matters which the court cannot consider on habeas corpus. When not properly presented in the original cause, they are matters which can be considered only by the executive on an appeal for clemency.

The order denying the discharge on habeas corpus will be affirmed.

Affirmed.