CITY OF OXFORD *v.* RITZ THEATRE *et al.*

(Division A. April 11, 1938.)

[180 So. 88. No. 33152.]

C. A. Bratton, of Oxford, for appellant.

64

R. L. Smallwood, Jr., of Oxford, for appellees.

Argued orally by **C. A. Bratton** for appellant and by **R. L. Smallwood, Jr.**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

An ordinance of the City of Oxford provides:

"Section 1. Be it ordained by the Mayor and Board of Aldermen of .the City of Oxford, Mississippi, that it shall be unlawful for any person, firm or corporation to offer a prize of money, or other thing of value, and award such prize to any person by lot or chance.

"Section 2. That any person, firm or corporation convicted for violating Section 1 of this ordinance shall be punished by a fine of not exceeding One Hundred Dollars ($100.00) or by imprisonment in the city jail for not exceeding one month or both."

The appellees, who are the Ritz Theatre, Inc., Theron Lyles, its manager, and Russell Roberts, one of its employees, filed a petition in the court below from which it appears, in substance, that the Ritz Theatre is doing a theatre business in the City of Oxford, and pursuant to publication therefor gives a prize of money to a person, ascertained by lot, who has registered his name in a book provided by the theatre for that purpose. All persons over the age of eighteen may register their names in this book at will without purchasing a theatre ticket therefor, and the money is given to the person, ascertained by lot, whether he is then in the theatre or not, provided, when called from the door of the theatre, he appears and claims it.

Lyles and Roberts have been twice arrested for alleged violations of the ordinance hereinbefore set forth, convicted in each instance in the mayor's court, and have appealed to the circuit court where the cases are now

pending. The city authorities, including the mayor thereof, have announced their intentions to prosecute Lyles and Roberts for each violation of this ordinance. The prayer of the petition is for a writ of prohibition directed to the mayor of the City of Oxford, who is also police justice thereof, enjoining him from the institution and trial of further prosecutions of officers and employees of the Ritz Theatre under this ordinance. The writ of prohibition was granted.

The right of the appellees to the writ of prohibition in the event the ordinance here in question is void, is not challenged.

The appellees assert that the ordinance is void for two reasons: (1) It was not passed at a legal meeting of the mayor and board of aldermen of the City of Oxford; and (2) it is beyond the power delegated to the city under chapter 50, section 2369 et seq., Code of 1930. We will pretermit the first of these objections and come at once to the second. The section of the Code under which this ordinance is said by the city to be valid is section 2416, Code of 1930, which authorizes municipalities "to . . . prohibit . . . gift enterprises." This statute came into our Codes in 1892 as section 2949 of that Code. When that Code was adopted, the phrase "gift enterprise" had long before come to have a well-known and definite meaning when used in statutes of the character here under consideration. It was considered as a species of lottery, Randle v. State, 42 Tex. 580, decided in 1875; specifically, "a scheme for the division or distribution of certain articles of property, to be determined by chance, amongst those who have taken shares in the scheme." Lohman v. State, 81 Ind. 15, decided in 1881. This definition appears in the various law dictionaries, and in Bouvier's Law Dictionary, Vol. 1, Rawle's 3d Rev., it is said, after quoting this definition, that "the phrase has attained such notoriety as to justify courts in taking judicial notice of what is meant and under-

stood." It was approved in Re Gregory, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184; Winston v. Beeson, 135 N. C. 271, 47 S. E. 457, 65 L. R. A. 167; Humes v. City of Little Rock, C. C., 138 F. 929; State v. Shugart, 138 Ala. 86, 35 So. 28, 100 Am. St. Rep. 17; Post Pub. Co. v. Murray, 1 Cir., 230 F. 773; Corporate Organization & Audit Co. v. Hodges, 47 App. D. C. 460, L. R. A. 1918E, 491. See, also, 38 C. J. 296, and 17 R. C. L. 1211.

If by the ordinance here under consideration it was intended to define the phrase "gift enterprise" as used in the statute, it fails so to do; for it leaves out the element of the recipient of the property taking a share in the scheme, and the gift need not be made for the purpose of securing anything to the giver as an inducement to make it. The ordinance, therefore, is far broader than the statute and covers gifts allotted by chance not permitted by it to be prohibited. It is, therefore, void unless we can so interpret it as to limit its scope to gift enterprises contemplated by the statute. Whatever the rule in civil cases may be, this cannot be done in criminal cases. 11 Am. Jur., Const. Law, section 164; U. S. v. Reese, 92 U. S. 214, 23 L. Ed. 563, 564; U. S. v. Steffens, 100 U. S. 82, 25 L. Ed. 550. Those cases deal with constitutional power as to Congress and Legislatures; but the relation of this ordinance to the statute is the same as that of a statute to the Constitution, and, consequently, this rule applies here.

The ordinance therefore is void, and the judgment of the court below must be, and is, affirmed.