**TELFIAN v. JOHNSTON, Warden.**

**No. 9692.**

Circuit Court of Appeals, Ninth Circuit.

Aug. 1, 1941.

James Martin MacInnis, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zerpöli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

On November 23, 1932, appellant was indicted in Michigan by the United States and charged in four counts with violating 18 U.S.C.A. §§ 99 and 320. He, upon trial, was convicted on the second and fourth counts. He was sentenced for a term of 25 years on the second count and for a term of 10 years on the fourth count, the terms to run concurrently. After completing service of the sentence on the fourth count, appellant filed his petition for a writ of habeas corpus, alleging that the second count was fatally defective in failing to make certain allegations hereinafter mentioned. The court below issued an order to show cause, and after the re-turn was filed, denied the petition. Hence, this appeal.

The second count was based on 18 U.S.C.A. § 320, which provides in part: "Whoever shall assault any person having lawful charge, control, or custody of any mail matter * * * or shall rob any such person of such mail or any part thereof, shall * * * if in effecting * * * such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

The second count alleges that appellant "did * * * rob a certain person * * * who was then and there in lawful charge, control and custody of all and certain mail matters * * * of * * * $9.76 of Postal funds, and of * * * 81 United States Postal money-order forms" and that "in effecting the robbery above set forth, did put in jeopardy by the use of a dangerous weapon * * * the life of the said" person named therein.

Appellant contends that the statute requires that the person robbed must be in charge of "mail matter", and that the thing taken must have been "mail matter". He further contends that the funds and money-order forms were not "mail matter" because there is nothing in the indictment which shows that either or both was actually in transit in the mail, and it does not fall within the classification of mail matter set out in 39 U.S.C.A. § 221 which provides: "Mailable matter shall be divided into four classes: First, written matter; Second, periodical publications; Third, miscellaneous printed matter and other mailable matter not in the second, third, or fourth classes; Fourth, merchandise and other mailable matter weighing not less than eight ounces and not in any other class."

Appellee contends that "the sufficiency of an indictment cannot after trial and conviction be collaterally attacked on habeas corpus" but that even if it could be so attacked "to render an indictment subject to collateral attack *after trial and conviction,* it must be so fatally defective on its face as to utterly fail to recite an offense". (Italics supplied.)

The court rendering the judgment complained of had jurisdiction of the class of crimes of which the second count is an example. 28 U.S.C.A. § 41(2). The stat-

ute upon which the second count was based, is not urged to be unconstitutional. The sole point is that the indictment fails to allege a crime. That question was one which the court rendering the judgment had authority to determine. Under these circumstances, no inquiry will be made into such question on habeas corpus. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Matter of Gregory, 219 U.S. 210, 31 S.Ct. 143, 55 L.Ed. 184; Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110; In re Coy, 127 U.S. 731, 8 S.Ct. 1263, 32 L.Ed. 274; Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; Ex parte Parks, 93 U.S. 18, 23 L.Ed. 787; Ex parte Watkins, 28 U.S. 193, 3 Pet. 193, 7 L.Ed. 650. To the same effect is Garrison v. Hudspeth, 10 Cir., 108 F.2d 733, relied on by appellant.

Affirmed.