## VEACH v. SMITH et al.
### No. 117.

District Court, M. D. Pennsylvania.

Nov. 30, 1941.

162

Charles Morris Veach, pro se.
No appearance for defendant.

JOHNSON, District Judge.

Petitioner filed with this court his application for a writ of habeas corpus, which, on August 16, 1941, was denied for lack of jurisdiction. Later, petitioner, while free on bail, presented a motion for reconsideration. This motion must be denied.

The contention of the petitioner is that he has not committed a crime and that the State of Pennsylvania has no right to hold him to bail or try him for the alleged crime.

Petitioner, having given bond and having been released from arrest, he is no longer entitled to the benefit of the writ of habeas corpus. He is no longer in the custody of the persons to whom the writ is addressed and from whose custody he seeks to be discharged. Petitioner is now at liberty and having secured the very relief which the writ of habeas corpus was intended to afford to those held under such facts, the motion for reconsideration must be denied. Johnson v. Hoy, 227 U.S. 245, 247, 248, 33 S.Ct. 240, 57 L.Ed. 497.

Even if petitioner were now in custody, his petition for reconsideration would have to be denied because, a prisoner in custody under the authority of a state should not, except in a case of peculiar urgency, be discharged by a court or Judge of the United States upon a writ of habeas corpus in advance of any proceedings or trial in the courts of the state to test the validity of his arrest and detention. The circumstances as detailed in the petition suggest no reason why the state court of original jurisdiction may not, without interference upon the part of the courts of the United States, pass upon the questions raised. This court is not at liberty to presume that the decision of the state court would be otherwise than is required by the fundamental law of the land. Ex parte Royall, 117 U.S. 241, 252, 253, 6 S.Ct. 734, 29 L.Ed. 868; Whitten v. Tomlinson, 160 U.S. 231, 247, 16 S.Ct. 297, 40 L.Ed. 406; Jones v. Perkins, 245 U.S. 390, 391, 38 S.Ct. 166, 62 L.Ed. 358; Riggins v. United States, 199 U.S. 547, 26 S.Ct. 147, 50 L.Ed. 303; Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147; Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497; New York v. Eno, 155 U.S. 89, 93–95, 15 S.Ct. 30, 39 L.Ed. 80. The facts of the motion before this court do not bring the case within any of the exceptions stated in the cases above cited.

Furthermore, the question of "the sufficiency of the evidence to show the guilt of the accused * * * has never been held to be within the province of a writ of habeas corpus", and this applies where the accused has not yet been tried but has been bound over for trial. Matter of Gregory, 219 U.S. 210, 214, 31 S.Ct. 143, 144, 55 L.Ed. 184; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; Horner v. United States, No. 2, 143 U.S. 570, 577, 12 S.Ct. 522, 36 L.Ed. 266; In re Cortes (Oteitza v. Jaco-

bus), 136 U.S. 330, 10 S.Ct. 1031, 34 L.Ed. 464; Stevens v. Fuller, 136 U.S. 468, 10 S.Ct. 911, 34 L.Ed. 461; Ex parte Fassett, 142 U.S. 479, 483, 484, 12 S.Ct. 295, 35 L.Ed. 1087.

 There is an orderly procedure prescribed by law for petitioner to pursue, namely, to set up his defenses of fact and law, whether they attack the indictment for insufficiency or the validity of the law under which it was found, and if the decision is against him, test its correctness through the proper appellate tribunals. Glasgow v. Moyer, 225 U.S. 420, 430, 32 S.Ct. 753, 56 L.Ed. 1147.

And now, November 30, 1941, for the above reasons, petitioner's motion for reconsideration is denied.