# EL PUEBLO *v.* CRISTY.

## APELACIÓN procedente de la Corte de Distrito de

## Humacao.

No. 74.   Resuelto en diciembre 21, 1905.

VIOLACIÓN.—VEREDICTO.—Un veredicto emitido por el jurado en una causa por violación, declarando al acusado *culpable del delito de que se le acusa*, es perfectamente claro y explícito, y no está sujeto á la objeción de ser defectuoso en su forma.

ID.—OBJECIONES CONTRA EL VEREDICTO.—Las objeciones contra el veredicto, deberán formularse en la corte inferior, á fin de dar á ésta una oportunidad de corregir los defectos de que adoleciere.

PENA IMPUESTA AL ACUSADO.—Si el acusado temiera que el juez se muestre severo en la imposición de la pena, deberá proceder de acuerdo con lo prescrito en los artículos 320 y 321 del Código de Enjuiciamiento Criminal.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Díaz y Texidor.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Al acusado en la presente causa se le imputó el delito de violación, mediante acusación que fué debidamente presentada ante la Corte de Distrito de Humacao, en 29 de marzo de 1905, cuyo delito se alegaba haber sido realizado con una joven menor de catorce años de edad y mediante fuerza y violencia. La acusación le fué leída debidamente el día 3 de abril, é hizo la alegación de no

culpable, y pidió ser juzgado por un jurado. El jurado fué debidamente constituído y se celebró el juicio el día 21 de julio del presente año. El jurado dió su veredicto en los siguientes términos:

"Honorable Corte del Distrito de Humacao.—Nosotros los del jurado, encontramos al acusado Rafael Cristy, culpable del delito que se le acusa, y pedimos clemencia para él. Humacao 21 Julio 1905.—El Presidente, Caracciolo Carrasquillo."

En los autos existen solamente la acusación, el *arraignment,* el acta de la corte, las instrucciones al jurado, el veredicto, la sentencia y el escrito de apelación. De los autos no aparece que se hiciera moción para nuevo juicio, ni existe pliego de excepciones ni exposición de hechos. Ni siquiera agregaron á los autos las notas del taquígrafo en este caso.

La apelación fué debidamente presentada en esta corte el 7 de septiembre de 1905. El abogado defensor del apelante pidió se revocara la sentencia, basándose en dos fundamentos: 1o., que el veredicto es informal, dados los términos en que aparece redactado; 2o., que no existiendo circunstancias modificativas de ninguna especie, debió imponerse la pena en su grado mínimo.

Cuando se examina la forma en que aparece redactado el veredicto se ve que el jurado declaró al acusado culpable del delito que se le había imputado, refiriéndose así á la acusación, en la cual se le imputa al procesado el delito de violación; de manera que tomando en consideración el veredicto del jurado con la acusación, resulta completamente claro y explícito, y el acusado fué declarado culpable del delito de violación que le fué imputado en la acusación.

Aunque la forma del veredicto no es tal que pueda usarse como modelo, sin embargo, no está sujeto á la objeción hecha por el abogado defensor en esta corte. Si hubiera procedido alguna excepción al veredicto, debía

haber sido alegada oportunamente en la corte inferior para que hubiera podido ser corregido en caso necesario.

*Pueblo* v. *Manners,* 70 Cal. 429.

El segundo punto es igualmente insostenible. Nuestra ley confía al juez la facultad de fijar la pena y el período de prisión, después de haberse pronunciado por el jurado el veredicto de culpabilidad. Véase la sección 319 del Código de Enjuiciamiento Criminal. Si el acusado temía que la sentencia sería demasiado severa, debía haber procedido, después de dado el veredicto, y antes de pronunciada la sentencia, de acuerdo con las secciones 320 y 321, haciendo las gestiones necesarias para obtener una sentencia leve. Esta cuestión fué ampliamente discutida y resuelta en la causa de *El Pueblo de Puerto Rico* contra *Rafael Brenes,* en el presente término de la corte, en el día 18 del presente mes. Véase dicha causa, y las autoridades citadas en la misma.

No apareciendo nada en los autos que demuestre que la corte inferior haya incurrido en error fundamental en la presente causa, la sentencia dictada por la Corte de Distrito de Humacao en 26 de julio de 1905, debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Wolf, no intervino en la resolución de este caso.