### ROSSER v. UNITED STATES. *

No. 3813.

Circuit Court of Appeals, Fourth Circuit.

Feb. 8, 1935.

A. D. Barksdale and Paul H. Coleman, both of Lynchburg, Va. (Barksdale & Abbot, of Lynchburg, Va., on the brief), for appellant.

Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., and Howard C. Gilmer, Jr., Asst. U. S. Atty., of Pulaski, Va.

Before PARKER and SOPER, Circuit Judges, and HAYES, District Judge.

PER CURIAM.

This is an appeal in a prosecution instituted under section 3296 of the Revised Statutes (as amended 26 USCA § 404). The indictment contained two counts charging respectively the removal and concealment of

*Writ of certiorari denied 55 S. Ct. 638, 79 L. Ed. ——.

distilled spirits upon which the tax had not been paid, and defendant was convicted and punished under both counts. Without reviewing here the testimony, which, however, we have carefully examined, we think it amply sufficient to sustain the verdict. When viewed, as it must be on motion to direct a verdict for defendant, in the light most favorable to the government, it shows clearly that liquor upon which the tax had not been paid was removed and concealed in violation of the statute and that the defendant was present at the time aiding and abetting in these violations of the law. The case was submitted to the jury under a fair and impartial charge, which correctly stated the rules of law applicable; and defendant has no just ground to complain of his conviction.

Defendant complains that the court did not properly charge the jury as requested with respect to the rules to be observed in weighing circumstantial testimony. We think, however, that, while the abstract instructions requested by defendant were not given, his rights were fully safeguarded in instructions specifically directed to the facts of the case. The jury were instructed as to the presumption of innocence and of the necessity of guilt being shown beyond a reasonable doubt, and were told that the mere presence of the defendant at the scene of the crime when it was being committed would not in itself constitute him an aider or abettor unless his presence there was for the purpose of helping toward the commission of the crime.

Exception was taken to questions asked as to the presence of the defendant on other occasions when liquor was brought to premises owned by him but rented to one Carroll, and to the statement of the United States Attorney that he proposed to show that the defendant was present; but the testimony as to the presence of the defendant was excluded, and the jury were instructed to disregard any statements of counsel not supported by the testimony. It is clear, however, that testimony showing that defendant was present on other occasions when liquor was being brought on the Carroll premises would have been competent as tending to show the purpose of his presence on the occasion in question. Breedin v. U. S. (C. C. A. 4th) 73 F.(2d) 778. And certainly evidence of the use of the premises for an unlawful purpose was competent as a circumstance tending to establish the guilt of the defendant in view of his presence there at a time when a crime of like character was being committed.

Defendant complains that the court was without power to impose punishment under both counts of the indictment; but, as removal is an offense distinct from concealment, the power to punish for both crimes would seem too well settled to justify further discussion. Albrecht v. U. S., 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505; Widener v. Harris (C. C. A. 4th) 60 F.(2d) 956.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.