**UNITED STATES of America**
v.
**Leonard Green MARTIN.**
**No. Cr–183–G.**

United States District Court
M. D. North Carolina,
Greensboro Division.
March 8, 1961.

James E. Holshouser, U. S. Dist. Atty., Greensboro, N. C., for plaintiff.

LEONARD GREEN MARTIN, pro se.

EDWIN M. STANLEY, District Judge.

The defendant, Leonard Green Martin, has moved under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., to correct what he alleges to be an illegal sentence.

Martin and a co-defendant were indicted on June 3, 1960, in a four-count indictment charging violations of the Internal Revenue laws relating to distilled spirits. The first count charged the defendants with the removal of distilled spirits on which the tax imposed by law had not been paid or determined, from the place of manufacture or storage, or from an instrument of transportation; the second count charged the defendants with concealing distilled spirits on which the tax had not been paid or determined, and which had been moved in a manner contrary to law; the third count charged the defendants with possession of distilled spirits in containers which did not have the required stamps affixed thereto; and the fourth count charged the defendants with the transportation of distilled spirits in containers which did not have the required stamps affixed thereto.

The defendants appeared before the court on June 6, 1960, represented by privately retained counsel of their own choosing. After being furnished with a copy of the indictment, each of the defendants entered a plea of guilty to all four counts contained in the indictment.

Following the trial, concurrent active prison sentences of five years were imposed against Martin on Counts 1 and 2.

Additionally, a $5,000 committed fine, later reduced to $3,000, was imposed on Count 1. Concurrent prison sentences of five years were imposed on Counts 3 and 4, to commence at the expiration of the concurrent prison sentences imposed on Counts 1 and 2. However, the execution of the concurrent prison sentences on the last two counts were suspended, and the defendant placed on probation for a period of five years from the date of the completion of his active concurrent sentences on Counts 1 and 2.

It is the suspended sentences on Counts 3 and 4 which Martin now alleges are illegal and which he seeks to have vacated. He makes no contention concerning the legality of the fine and active five-year prison sentences imposed on Counts 1 and 2.

In substance, Martin argues that the indictment contains "a multiplicity of counts emanating from a single act of violating the Internal Revenue laws," and that there is an identity of offenses for the reason that "the same evidence is required to sustain each offense." This argument is without merit, and there is no basis for the contention that all counts in the indictment constituted a single transaction.

In Rosser v. United States, 4 Cir., 75 F.2d 498, 499, certiorari denied 1935, 294 U.S. 730, 55 S.Ct. 638, 79 L.Ed. 1259, the defendant was indicted under a two-count indictment charging the removal and concealment of distilled spirits on which the tax had not been paid. He was convicted and punished under both counts. On appeal, the defendant complained that the court was without power to impose punishment under both counts since both constituted a single offense. In rejecting this argument, the Court stated:

"* * * as removal is an offense distinct from concealment, the power to punish for both crimes would seem too well settled to justify further discussion."

In Perry v. United States, 5 Cir., 1955, 227 F.2d 129, 132, the defendant was con-

victed of the offense of working at an illicit distillery and making and fermenting mash. He insisted that his conviction could not stand since the two offenses were created from a single act. The Court disagreed, stating:

"Nor is there any basis for the final contention that for a single act he has been improperly convicted of two offenses. Where the same transaction violates two distinct statutory provisions, the question of whether two offenses have been committed is based on whether each offense requires proof of a fact which the other does not. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505. Here, the count for working in a distillery, 26 U.S.C. § 2831, required proof that there was no sign on the premises indicating this to be a registered distillery, while the count for making mash, 26 U.S.C. § 2834, required no such proof. Conversely, the mash count required proof of fermenting mash, while the count for working in a distillery required no proof of mash. This was not, then, an effort to make two wrongs from a single act. Fleisher v. United States, 6 Cir., 91 F.2d 404, reversed on other grounds 302 U.S. 218, 58 S.Ct. 148, 82 L.Ed. 208. Appellant was charged with having done two different things and was found guilty on sufficient evidence of both."

The Court of Appeals for this Circuit had a similar problem presented in the comparatively recent case of Johnson v. United States, 4 Cir., 1960, 276 F.2d 84, 88. There, the defendant was convicted on a three-count indictment charging (1) the removal of distilled spirits on which the tax imposed by law had not been paid, (2) the concealment of the same distilled spirits and, (3) the sale of distilled spirits in containers which did not have the required stamps affixed thereto. In rejecting the contention that all three counts in the indictment constituted a single offense, and that the fine imposed exceeded the maximum fine that could have been imposed under the circumstances, it was held:

"It is clearly established that the illegal removal and illegal concealment of distilled spirits are distinct offenses under the statutes and are separately punishable even when both actions are proved by the same testimony. Widener v. Harris, 4 Cir., 60 F.2d 956; Rosser v. United States, 4 Cir., 75 F.2d 498, certiorari denied 294 U.S. 730, 55 S.Ct. 638, 79 L.Ed. 1259; Tiller v. Hudspeth, 10 Cir., 131 F.2d 188. * * * "

In Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 254, 71 L.Ed. 505, it is held that the possession and sale of non-tax-paid distilled spirits are distinct offenses, and that one may " * * * possess without selling, and one may sell and cause to be delivered a thing of which he has never had possession, or one may have possession and later sell * * *." It is further held that the fact that a "person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense."

In the Johnson case the court pointed out that it did not meet the situation which confronted the Supreme Court in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, and Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. Those cases involved the imposition of cumulative penalties for parts of the same criminal transaction relating to the entry and robbery of a bank. No such situation is here presented.

Under the authorities above cited, there can be no question but that the illegal removal and concealment of distilled spirits constitute offenses separate, distinct and apart from the offenses of possessing and transporting the same distilled spirits, even though all transactions are proved by the same testimony. A person can obviously remove and conceal, or cause to be removed and con-

cealed, without possessing and transporting. Each count in the indictment charged the defendant with having violated separate and distinct statutory provisions. Upon his plea of guilty to each of these counts, he was separately punishable. The defendant could have been fined not more than $10,000, or imprisoned not more than five years, or both, on each count in the indictment, so the punishment on each count did not exceed the penalty prescribed by statute.

Since it affirmatively appears from the face of the motion and the official court files in this case that the defendant is entitled to no relief, there is no occasion for a hearing on the allegations contained in the motion.

For the reasons stated, it is Ordered that the motion of the defendant to vacate and set aside the concurrent sentences imposed on Counts 3 and 4 be and the same is hereby denied.