reversed and the cause remanded, with instructions to vacate the order, remand Warren to the custody of the Warden and issue appropriate process to take Warren into custody and deliver him to the Warden.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellant,**

v.

**James K. WARREN, Appellee.**

**No. 6680.**

United States Court of Appeals Tenth Circuit.

June 23, 1961.

**UNITED STATES of America, Appellee,**

v.

**Leonard Green MARTIN, Appellant.**

**No. 8344.**

United States Court of Appeals Fourth Circuit.

Argued June 21, 1961.

Decided June 23, 1961.

Bruce J. Brown (court-assigned counsel), Asheville, N. C., for appellant.

Lafayette Williams, Asst. U. S. Atty., Greensboro, N. C. (James E. Holshouser, U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

By motion under Rule 35 of the Federal Rules of Criminal Procedure, 18 U. S.C.A., this defendant attacks the indictment as being vague and uncertain and as a proliferation of his offense.

The defendant concedes he transported ninety gallons of nontax paid whisky to the residence of a prospective purchaser. At the request of the purchaser he drove the automobile into the garage, and the unloading operation had commenced when he was arrested. In language generally approximating that of the statutes, he was charged with four separate offenses, removing, concealing, possessing and transporting. The removal and concealing charges were referable to whisky upon which the tax had not been determined within the meaning of 26 U.S. C.A. § 5601, while the possession and transportation counts are referable to whisky in containers to which the requisite revenue stamps were not affixed within the meaning of 26 U.S.C.A. § 5604.

The defendant entered pleas of guilty to all four counts. Thereafter, he was sentenced to five years upon each count, the sentences upon the first two counts to run concurrently and the sentences on the second two counts to run concurrently with each other, but consecutively with the sentences on the first two counts. However, the sentences on the third and fourth counts were suspended. The only active prison sentences, therefore, are the five-year sentences imposed concurrently on the first two counts. There was also a fine imposed solely on count one.

The indictment was vague and uninformative. Count one, for instance, charged that the defendant " \* \* \* removed, other than as authorized by law, distilled spirits on which the tax had not been paid or determined, from the place of manufacture or storage or from an instrument of transportation." It leans heavily upon the language of § 5601, but in doing so it employs all of the disjunctive alternatives of that section. The result of such slavish dependence upon disjunctive language of a criminal statute is to strip from the indictment most of the information which it should provide the accused person.

The defendant, however, did not attack the indictment at the time. He was represented by counsel of his own choice, but he asked for no bill of particulars and made no other motion directed to any deficiency in the indictment. Whatever the result of a direct attack upon the indictment, it did disclose the general nature of the offense with which the defendant was charged, and it can survive this collateral attack under Rule 35.[1]

We need not now consider whether this proliferation of the offense into

---

1. In re Confiscation Cases, 1873, 20 Wall. 92, 104, 87 U.S. 92, 22 L.Ed. 320; United States v. Cruikshank, 1875, 2 Otto 542, 92 U.S. 542, 558, 23 L.Ed. 588.

four counts was permissible.[2] The only active prison sentences imposed were the five-year concurrent sentences imposed on counts one and two. If the District Attorney might be said to have unduly proliferated the offense, the District Judge did not.

We find no reversible error.

Affirmed.

2. See Johnson v. United States, 4 Cir., 276 F.2d 84.