**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lonas Ray CAUGHORN, Defendant-Appellant.**

**No. 14602.**

United States Court of Appeals
Sixth Circuit.
Feb. 8, 1962.

J. H. Reddy, U. S. Atty., and John A. Ayres, Jr., Asst. U. S. Atty., Knoxville, Tenn., on the brief, for plaintiff-appellee.

Lonas Ray Caughorn, defendant-appellant, in pro. per.

Before CECIL and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

## ORDER.

This cause is on appeal from the United States District Court for the Eastern District of Tennessee, Knoxville Division. The appellant complains that the District Judge denied his motion, timely filed, to reduce his sentence after conviction and denial of certiorari by the Supreme Court, 365 U.S. 811, 81 S.Ct. 693, 5 L.Ed.2d 691, under Rule 35, Federal Rules Criminal Procedure, 18 U.S. C.A.

The basis of appellant's claim is that he was held in the United States Penitentiary, at Atlanta, Georgia, for five months pending trial and that upon conviction he received a sentence of five years, the maximum for the offense for which he was convicted. He contends that he cannot be required to serve more than the maximum sentence in a federal penitentiary.

The appeal was submitted to the Court upon the record and the briefs of the parties.

█ Upon consideration whereof, the Court finds that the appellant was in federal custody, in Knoxville, Tennessee, from on or about February 25, 1959, to May 6, 1959; that he was arrested in Knoxville on or about February 25, 1959, on a charge of unlawful flight from Georgia to escape confinement in a state penal institution of that state, and that he was also being held in Knoxville, in the Knox County jail, on a federal charge of violating the Dyer Act; that on May 6, 1959, he effected his escape from the Knox County jail through the use of a pistol; that appellant was apprehended in Cleveland, Ohio, in July of 1959, and that on the 7th day of July, after he had been ordered by a District Judge of Cleveland to be removed to Knoxville, District Judge Taylor, for the reason that he had made numerous escapes from state custody, ordered the United States Marshal to deliver him into the custody of the warden of the United States Penitentiary at Atlanta, Georgia, for safe confinement until ordered returned to the district for trial.

The Court further finds that the District Judge was warranted in committing the appellant to the United States Penitentiary, at Atlanta, in order to secure his custody against further escape. It is the duty of the marshal to provide for the safekeeping of any person so arrested. Sec. 4086, Title 18 U.S.C.

█ The sentence of the District Judge was within the limits prescribed by law. As a sentence in the first instance is within the discretion of the trial judge, so is it discretionary with him to determine whether a sentence should be reduced on a motion made by the defendant under Rule 35, F.R.Crim. P.

Hemans v. United States, 163 F.2d 228, 238, C.A.6, cert. denied, 332 U.S. 801, 68 S.Ct. 100, 92 L.Ed. 380; Hall v. United States, 286 F.2d 676, C.A.5, cert. denied, 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236; Flores v. United States, 238 F.2d 758, C.A.9; Brown v. United States, 222 F.2d 293, C.A.9.

Finding no abuse of discretion on the part of the District Judge, it is ordered that the judgment of the District Court be and it is hereby affirmed