**UNITED STATES of America**

v.

**Erie Jones GARRICK.**

**Crim. No. 67–333.**

United States District Court
D. South Carolina,
Orangeburg Division.

Feb. 12, 1968.

James P. Mozingo, III, D. Kenneth Baker, Darlington, S. C., and Ellis I. Kahn, Charleston, S. C., on the brief, for Erie Jones Garrick.

Klyde Robinson, U. S. Atty., and Marvin L. Smith, Asst. U. S. Atty., on petition for the United States.

MEMORANDUM OPINION

SPEARS, District Judge.

This matter comes before me upon motion of counsel for the defendant, Erie Jones Garrick, pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure requesting that this Court reduce the sentence which was imposed upon the defendant in the above entitled action on November 16, 1967.

The principal grounds for such motion are that the defendant and his counsel were taken by surprise by the contents of the pre-sentence report of the Probation Officer to the effect that the defen-

dant had a poor reputation in the community of his residence and bore the reputation of being a knave; further, that since the defendant was taken by surprise by the contents of such pre-sentence report, the defendant was unable to present evidence in contradiction of the same. In support of the present motion several affidavits are attached thereto reflecting that the defendant has a good reputation in the community in which he lives.

Prior to imposing sentence in this action, the Court orally revealed to the defendant and his counsel such of the contents of the pre-sentence report which reflected adversely upon the defendant. The Court pointed out that in 1934 the defendant was convicted of one charge of larceny and three charges of receiving stolen goods and received and served a six year custodial sentence as a result of such conviction. The defendant affirmed that he had been so convicted. The Court further pointed out that in 1955 the defendant was convicted of a violation of the Internal Revenue Liquor Laws in the United States District Court and was sentenced to a probationary term of five years. The defendant admitted such conviction. The Court then pointed out that in 1963 the defendant was charged with an offense of fighting and bond was forfeited. The defendant did not deny this conviction.

Upon the trial of this action, the testimony revealed that the defendant employed a seventeen year old youth, as well as his older brother, to operate the illicit distillery on behalf of the defendant. Upon cross-examination of the Government's witnesses, counsel for the defendant brought out that during December of 1966, or during the early months of 1967, the defendant shot one of the witnesses with a pistol while the defendant had been drinking.

Prior to sentencing, the Court revealed to the defendant and his counsel the contents of the pre-sentence report which reflected that the defendant did not enjoy a very good reputation in recent years and that the defendant could well be described as a knave. The Court further pointed out that reputation is a will-of-the-wisp and what is said of a person may or may not necessarily be true. Counsel was invited to comment upon the defendant's reputation. Counsel went to great length to point out that he had known the defendant for a great number of years and that the defendant enjoyed a good reputation in the community, and counsel further pointed out that other persons would verify the good reputation of the defendant.

In imposing sentence in this matter, the Court disregarded so much of the pre-sentence report which reflected that the defendant had a bad reputation in the community in which he lived and accepted counsel's statement that the defendant was not in fact a knave, and that he did enjoy a good reputation. In fact, the Court stated "I will just say for the record that I will accept your explanation for Mr. Garrick. * * * I am not going to sentence him for being a knave or not being one, or for inveigling young men to work for him. I am primarily interested in the offense that he is charged with having committed. * * I am not going to do as much now as I might have done because I have been impressed by his character reference he has given because I think it is a very strong character reference on your behalf."

The Court has reviewed the records in this matter, together with the motion and affidavits submitted on behalf of the defendant. No useful purpose would be served by granting the defendant a hearing in this matter as the Court has accepted as true the matters set forth in defendant's motion. It appearing to the Court that the sentence imposed upon the defendant was just and proper, the motion for reduction of sentence is hereby

Denied.