**UNITED STATES of America,**
**Appellee,**

v.

**Bill Eugene GREGG, Appellant.**

**No. 11486.**

United States Court of Appeals
Fourth Circuit.

April 2, 1968.

Peter L. Roda, Asheville, N. C., Court-appointed counsel, on brief, for appellant.

William Medford, U. S. Atty., and William M. Styles, Asst. U. S. Atty., on brief, for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

Appellant Gregg pled guilty in the United States District Court to the charge of transporting an automobile from Baltimore, Maryland, to Asheville, North Carolina, knowing it to have been

stolen in violation of Title 18 U.S.C. § 2312. At the same time, he pled guilty to the charge of causing a check to be entered into interstate commerce knowing the check to be falsely made and forged in violation of Title 18 U.S.C. § 2314. He was sentenced to a term of five years' imprisonment to begin at the end of another federal sentence then being served, and appeals as a matter of right. Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). A certificate to proceed in forma pauperis was granted by the District Court for the Western District of North Carolina, and counsel was appointed to assist the appellant in the prosecution of his appeal.

With respect to criminal appeals, it is the uniform practice in this circuit, whenever the certificate to proceed in forma pauperis is not granted by the district judge, that it be allowed "as a matter of course," and it is also our practice to routinely appoint counsel to present the case on appeal. See Coppedge v. United States, 369 U.S. at 455, 82 S.Ct. 917 (concurring opinion of Mr. Justice Stewart joined in by Mr. Justice Brennan).

■ Since the record indicates that the guilty pleas were accepted in compliance with Rule 11, and since the record does not indicate that appellant was in any manner unfairly treated, the ingenuity of appointed counsel was considerably taxed to present a question on appeal. The *only one submitted is*: "whether the trial court erred in accepting a guilty plea inasmuch as the defendant had never been served with a warrant of arrest?" We need not consider whether such a question could ever have merit because the record shows that the arrest warrant, issuing in western North Carolina, was not served on this particular defendant for the reason that he was then incarcerated in the Atlanta Penitentiary. Instead of being arrested, he was removed from Atlanta to Asheville, North Carolina, for trial pursuant to a writ of habeas corpus *ad prosequendam.*

■ We respect the conscientious regard for duty displayed by court-appointed counsel in carefully searching the record to discover a possibly meritorious ground of appeal. Quite correctly he assumed the role of advocate as opposed to that of amicus curiae. Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

■ Even so, we notice from the briefs and our own examination of the record the wholly frivolous nature of the appeal and accordingly dismiss without allowing oral argument. Fed.R.Cr.P. 39(a). In so doing, we do not treat *this indigent appellant any differently* than we would treat a paid appeal. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); Coppedge v. United States, 369 U.S. at 448, 82 S.Ct. 917.

■ We note, as pointed out in Mr. Justice Stewart's concurring opinion in *Coppedge,* supra, that after a defendant has had counsel appointed to prosecute his appeal and has filed a brief in this court the government is then free in any case to file *before argument* a motion to dismiss the appeal as frivolous. *Coppedge,* 369 U.S. at 455, 82 S.Ct. 917. We do not invite frivolous motions to dismiss meritorious appeals, but our caseload is such [1] that it might be helpful if United States Attorneys would call to our attention, prior to the time set for argument, those criminal appeals which appear to be frivolous on their face and present *no question worthy of debate.*

Affirmed.

---

1. The Fourth Circuit caseload per judge is now the heaviest of the circuits in the nation. Annual Report of the Director of the Administrative Office of the United States Courts 1967, p. 104.