UNITED STATES of America,
Appellee,

v.

Erie Jones GARRICK, Appellant.

No. 11958.

United States Court of Appeals
Fourth Circuit.

Submitted May 31, 1968.

Decided July 17, 1968.

James P. Mozingo, III, D. Kenneth Baker, Darlington, S. C., and Ellis I. Kahn, Charleston, S. C., on brief for appellant.

Klyde Robinson, U. S. Atty., and Marvin L. Smith, Asst. U. S. Atty., on petition for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and CRAVEN, Circuit Judges.

PER CURIAM:

Erie Jones Garrick was tried and convicted by a jury on November 9, 1967, under a three-count indictment charging possession of an unregistered distillery, carrying on the business of a distiller unlawfully, and unlawfully working in a distillery, all in violation of 26 U.S.C. § 5601(a) (1), 26 U.S.C. § 5602, 18 U.S.C. § 2, and 26 U.S.C. § 5681(c). On November 16, Garrick was sentenced to an active sentence of one year on the first count and was placed on probation for five years on the second and third counts. From the denial without a hearing of his motion under Fed.R.Crim.P. 35 for reduction of the sentence he appeals.[1]

It is Garrick's contention that he is entitled as a matter of right to a formal hearing in open court with himself and his lawyer present. We refuse to so hold. A motion to reduce a legal and valid sentence is addressed to the sound discretion of the trial judge and is ordinarily considered by the judge informally and in chambers. No abuse of that discretion is established merely by showing a refusal to hold a hearing. Dodge v. Bennett, 335 F.2d 657, 659 (1st Cir. 1964); Potter v. United States, 317 F.2d 661, 662 (8th Cir. 1963); United States v. Caughorn, 299 F.2d 563, 564 (6th Cir. 1962); Jacobsen v. United States, 260 F.2d 122, 123 (8th Cir. 1958); Flores v. United States, 238 F.2d 758, 760 (9th Cir. 1956); United States v. Martin, 192 F.Supp. 432, 435 (M.D. N.C.1961), aff'd, 292 F.2d 702 (4th Cir. 1961), cert. denied, 368 U.S. 957, 82 S.

---

1. This is a "paid" appeal. See United States v. Gregg, 393 F.2d 722, at 723, Headnote 3, (No. 11,486, 4th Cir. 1968).

Ct. 400, 7 L.Ed.2d 389 (1962). We do not, of course, hold that there may never be circumstances which make appropriate, even necessary, that a hearing be conducted. Our own examination of the record discloses no such situation here.[2]

 We conclude that the appeal is wholly without merit and allow the motion[3] of the United States Attorney to dismiss without allowing oral argument. United States v. Gregg, 393 F.2d 722 (No. 11,486, 4th Cir. 1968).

Appeal dismissed.

See also, D.C., 240 F.Supp. 659.

---

2. The district judge's opinion 287 F.Supp. 698 also demonstrates that the appeal is entirely without merit. Garrick has made no contention that was not accepted as true and considered by the court when sentence was originally imposed, nor one that would require a hearing under 28 U.S.C. § 2255.

3. The position of the government was first brought to our Clerk's attention by letter. We required, as we will in future cases, the filing of a formal motion with notice to appellant.