Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| El PUEBLO DE PUERTO RICO<br><br>Recurridos<br><br>v.<br><br>JOSÉ A VIERA RODRIGUEZ<br><br>Peticionaria | KLCE202400143 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso número:<br>HSCR202000390<br>HSCR202000391<br><br>Sobre: ART. 3.1 LEY 54 (1989) ART. 131 CP 2012 RECL ART. 133(C) CP |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante *nos* José A. Viera Rodríguez (Sr. Viera o Recurrente), por derecho propio, mediante un recurso de *certiorari* presentado el 2 de febrero de 2024. Solicita que revisemos una *Resolución* emitida el 8 de diciembre de 2023 por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Humacao. Mediante dicha *Resolución* el foro primario declaró *No Ha Lugar* las siguientes mociones: *Moción Solicitando Bonificaciones por Buena Conducta, Moción al Amparo de la Regla 182 de Procedimiento Criminal,* y *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal.*

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *confirmamos* la *Resolución* recurrida.

Número Identificador

SEN2024 _____

**I.**

El 7 de julio de 2021, el foro primario declaró culpable al Recurrente como resultado de una alegación preacordada. Este fue sentenciado el mismo día a 3 años por una infracción al Artículo 3.1 de la *Ley para la Prevención e Intervención con la Violencia Domestica*, Ley núm. 54-1989, según enmendada, 8 LPRA sec. 601 *et seq.,* y 8 años por una infracción al Artículo 133 del Código Penal, 33 LPRA sec. 5194, a ser cumplidos de manera concurrente.

Asimismo, se ordenó que el tiempo que estuvo el Recurrente sumariado en detención preventiva fuese abonado a la totalidad de la pena impuesta, debido a que posterior a su arresto el Recurrente fue ingresado en una institución del Departamento de Corrección y Rehabilitación (DCR). Sin embargo y según su recurso, el Sr. Viera fue excarcelado el 12 de septiembre de 2020 en virtud de un recurso de *habeas corpus.* Durante ese periodo, estuvo bajo supervisión electrónica domiciliara hasta el día que fue sentenciado, para un total de un (1) año, cuatro (4) meses y cinco (5) días.

El 26 de octubre de 2022, el TPI emitió una *Resolución* en la cual declaró *No Ha Lugar* una *Moción en Solicitud de Enmienda de Sentencia* presentada el 29 de septiembre de 2022. En dicha *Resolución* el foro primario aclaró que, al momento de sentenciar al Recurrente, ordenó al DCR abonar el tiempo que estuvo sumariado a la ejecución de la totalidad de su sentencia.

Posteriormente, el Sr. Viera presentó varias mociones ante el TPI, entre las cuales se encontraba su *Moción Solicitando Bonificaciones por Buena Conducta* presentada el 19 de enero de 2023. En esta solicitó, al amparo del *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, Ley Núm. 2 de 21 de noviembre de 2011, según enmendada, 3 LPRA, Ap. XVIII, que se le redujera la pena ya que se había beneficiado de todos los

programas de rehabilitación que le ofreció el sistema correccional, incluyendo estudios y terapias de manejo de violencia. En respuesta, el Ministerio Público se opuso a dicha moción el 17 de abril de 2023 mediante un *Dictamen Fiscal.*

Igualmente, presentó una *Moción al Amparo de la Regla 182 de Procedimiento Criminal* el 5 de septiembre de 2023. En esta, solicitó que se le acreditará como detención preventiva el tiempo que estuvo bajo supervisión electrónica domiciliaria. Arguyó que las medidas impuestas como parte de su supervisión tuvieron el efecto de privarlo de su libertad y que bajo el lenguaje de la Regla 182 de Procedimiento Criminal, 34 LPRA Ap. II, R. 182, procede que se descuente dicho tiempo de la totalidad de la sentencia. Posterior a ello, presentó una *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal* el 29 de mayo 2023. En esta, solicitó una vista al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1 (b), con el propósito de que se le corrigiera la sentencia impuesta, para que esta se redujera un veinticinco por ciento (25%). Arguyó que procedía dicha reducción por ser de aplicación los atenuantes del Artículo 65 del Código Penal, 33 LPRA sec. 5098.

El foro primario atendió todas las mociones de manera conjunta, emitiendo una *Resolución* el 8 de diciembre de 2023 y notificada el 19 de diciembre de 2023, de la cual recurre ante *nos* el Sr. Viera. En cuanto a la moción concerniente a las bonificaciones, el foro esclareció que el remedio adecuado para dicho procedimiento es el mecanismo establecido en el Reglamento Núm. 8583 del DCR. Añadió que, si luego de realizado el trámite administrativo el Recurrente quedara insatisfecho con la decisión del DCR, entonces procedía solicitar la correspondiente revisión judicial ante el Tribunal de Apelaciones.

Por otra parte, el foro primario atendió la moción al amparo de la Regla 182 de Procedimiento Criminal, *supra,* resolviendo que la supervisión electrónica no constituye una privación de libertad por no encontrase el acusado sumariado en una institución penal. Por tal razón, no aplican las bonificaciones estatuidas en la Regla 182 de las de Procedimiento Criminal, *supra,* y en el Artículo 68 (a) del Código Penal, *supra.*

Por otra parte, el TPI comenzó atendiendo la *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal,* otorgándole un término al Ministerio Público para que se expresara, pero ante su incomparecencia, procedió a disponer de la solicitud. Resolvió el foro que el momento para atender los atenuantes de delitos es al dictar sentencia. Si luego de atendido la aplicabilidad de los atenuantes, el convicto quedara insatisfecho con la determinación del foro primario, el mecanismo adecuado es un recurso de apelación impugnando la sentencia dictada. Esclareció, además, que el mecanismo de la Regla 192.1, 34 LPRA Ap. II, R.192.1, es uno extraordinario, por lo cual se tiene que cumplir cabalmente con los requisitos establecidos en dicha regla. Concluyó el TPI que el Recurrente falló en colocarlo en posición para otorgarle el remedio excepcional, pues no surge de la moción que se haya argumentado que la sentencia adolezca de un defecto que sea contrario al debido proceso de ley o que viole algún precepto constitucional que conlleve un fracaso a la justicia.

Inconforme, comparece ante *nos* el Sr. Viera, mediante el recurso de epígrafe, en el cual argumenta que erró el foro primario al declarar sin lugar: (1) la *Moción al Amparo de la Regla 182 de Procedimiento Criminal,* y la (2) *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal.*

Junto con la presentación de su recurso, el Recurrente presentó una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia.* Mediante *Resolución* del 21 de febrero de 2024, esta Curia declaró con lugar la solicitud y aceptó la litigación del Sr. Viera en *forma pauperis.* Posteriormente, este Tribunal emitió otra *Resolución* en la cual otorgó veinte (20) días a la Oficina del Procurador General (Recurrida) para que presentara su oposición al recurso de *certiorari.* Luego de autorizada una petición de extensión de término, la Recurrida presentó su oposición el 16 de abril de 2024. Con el beneficio de la comparecencia de ambas partes, procedemos con el marco jurídico pertinente a la controversia ante nuestra consideración.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los

asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B. R. 40.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918. Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR

203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra,* pág. 581; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**B. Regla 192.1 de Procedimiento Criminal**

La Regla 192.1 de Procedimiento Criminal, *supra,* regula el procedimiento post-sentencia donde una persona convicta tiene la oportunidad de alegar su derecho a ser puesto en libertad. Bajo el estatuto, este derecho debe argumentarse bajo uno de los siguientes fundamentos:

> (1) La sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o
>
> (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; o
>
> (3) la sentencia impuesta excede de la pena prescrita por la ley, o
>
> (4) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia. *Id.*

Aunque la moción objeto de esta regla puede presentarse en cualquier momento, en ella se deben incluir **"todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados**, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original". *Id.* (énfasis suplido). El inciso (b) de dicha regla provee para la celebración de una vista, no obstante, el foro no abusa de su discreción al no celebrarla, si de la moción y de los autos surge que el peticionario no tiene derecho a remedio alguno. *Véase Camareno Maldonado v. Tribunal Superior,* 101 DPR 552 (1973).

## C. Regla 182 de Procedimiento Criminal

La Constitución del ELA establece en su Art. II, Sec. 11, que la detención preventiva antes del juicio no excederá de 6 meses. Esto significa que, si el juicio no comienza dentro de los seis meses siguientes a la detención, la persona imputada debe ser puesta en libertad mientras espera la celebración del juicio. Esta protección surge del derecho que tiene todo acusado a un juicio justo rápido y público. *Pueblo v. Diaz,* 204 DPR 472 (2020). Como en nuestro ordenamiento jurídico nadie puede ser privado de su libertad en exceso a lo dispuesto en su sentencia, se ha adoptado el mecanismo de abonar el tiempo cumplido en detención preventiva al término de la sentencia.

El referido mecanismo se encuentra regulado en la Regla 182 de Procedimiento Criminal, *supra,* la cual establece que "[e]l tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público se descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad." Nuestro Tribunal Supremo atendió dicha regla en *Pueblo v. Méndez,* 193 DPR 781 (2015), donde aclaró que para que aplique la disposición de la precitada regla, "hace falta que [al imputado] se le prive de su libertad, se le acuse y posteriormente se le ingrese para cumplir una sentencia por los mismos hechos que se le detuvo en primera instancia." *Pueblo v. Méndez Pérez, Id.* en la pág. 790, citando a *Pueblo v. Contreras Severino,* 185 DPR 646, 657 (2012).

**III.**

Referente a la *Moción al Amparo de la Regla 182,* el Recurrente arguye que el Artículo 50 del Código Penal, 33 LPRA sec. 5083, define la pena de restricción domiciliaria como una restricción de

libertad, y que el periodo donde estuvo esperando la celebración de su juicio fue análogo a ello pues se encontraba en un encierro total, sin ninguna diferencia a un confinamiento en una institución penal. Al contrario, la postura de la Recurrida es que luego de ser excarcelado y puesto bajo supervisión electrónica, el Recurrente no estuvo privado de su libertad pues no se encontraba recluido en una institución penal, al contrario, fue puesto en libertad según es el fin del recurso de *habeas corpus*. Fundamentó su postura en *Pueblo v. Méndez, supra,* donde se estableció que el criterio para determinar si un tiempo se abona a la pena es si el acusado se encuentra "bajo la custodia y jurisdicción del Estado".

En relación con la *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal,* arguye el Recurrente que erró el TPI, porque los atenuantes que hace referencia el foro primario son los de la Regla 171 de Procedimiento Criminal, 34 LPRA Ap. II, R. 171, y según su argumentación e interpretación, los atenuantes aplicables al caso son los que se encuentran en el artículo 65 del Código Penal, *supra*, que si se pueden aplicar en etapas post-sentencia. Por tanto, procedía que se señalase una vista donde el Recurrente pueda exponer sus argumentos. Por su parte, la Recurrida arguye que el TPI actuó conforme a derecho ya que la Regla 192.1 establece un remedio extraordinario para el cual no se presentó fundamento alguno que colocara al foro inferior en posición de otorgar un remedio. Además, añadió que el asunto de los agravantes debió ser atendido mediante apelación ya que, según *Rosa v. Tribunal Superior*, 102 DPR 670 (1974), el momento para considerar atenuantes es previo a la sentencia.

Luego de examinar detenidamente el dictamen del foro recurrido, no encontramos indicio de que el foro primario actuó con prejuicio, parcialidad o error craso y manifiesto al interpretar la aplicabilidad de las Reglas 182 y 191.2 de Procedimiento Criminal,

*supra,* al caso de autos. Al no encontrar indicio de que el TPI haya actuado de forma arbitraria, caprichosa, o haya cometido algún error de derecho, al emitir el dictamen recurrido, confirmamos la *Resolución* emitida el 8 de diciembre de 2023. Los errores señalados no fueron cometidos.

**IV.**

Por entender que el foro primario actuó conforme a derecho, *expedimos* el auto de *certiorari* y *confirmamos* la *Resolución* emitida por el foro primario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones