Paul M. HUMPHREY, Petitioner,

v.

Phil PLUMMER, Sheriff, Montgomery County, Ohio, Respondent.

Case No. 3:11–cv–363.

United States District Court, S.D. Ohio, Western Division.

Dec. 9, 2011.

Paul M. Humphrey, Dayton, OH, pro se.

DECISION AND ENTRY OVERRUL-ING PETITIONER'S OBJECTIONS TO REPORT AND RECOMMEN-DATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. # 4); ADOPTING REPORT AND REC-OMMENDATIONS (DOC. # 3); DE-NYING "MOTION FOR HABEAS CORPUS" WITHOUT PREJUDICE; DENYING CERTIFICATE OF AP-PEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

WALTER HERBERT RICE, District Judge.

Based on the reasoning and citations of authority set forth in the Report and Rec-

ommendations of the United States Magistrate Judge, filed October 20, 2011 (Doc. # 3), as well as upon a thorough *de novo* review of this Court's file and the applicable law, said judicial filing is adopted in its entirety. Petitioner's objections (Doc. # 4) to said judicial filing are overruled, and his "Motion for Habeas Corpus" (Doc. # 1) is denied without prejudice.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability and denied leave to appeal *in forma pauperis*.

Judgment will be entered accordingly, in favor of Respondent and against Petitioner, denying Petitioner's "Motion for Habeas Corpus" without prejudice.

This case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

## REPORT AND RECOMMENDATION [1]

MICHAEL J. NEWMAN, United States Magistrate Judge.

The petitioner, Paul M. Humphrey ("Humphrey"), has filed *pro se* a petition for a writ of *habeas corpus* on October 18, 2011, arising out of his pre-trial detention in the Montgomery County Jail in Dayton, Ohio on aggravated robbery and weapons charges. (Doc. 1, Attachment 1, PageID # 3–8).

■ Liberally construed,[2] it appears to the Court that Humphrey's *habeas* petition is based on two grounds:

1. Petitioner has been denied his right to a speedy trial [3] [O.R.C. §§ 2945.71–2945.73 *et seq.* (denial of trial) ]; and

2. The state conducted an illegal search and seizure in violation of his Constitutional rights, and he is currently being detained because of criminal charges stemming from that search and seizure.

(Doc. 1, Att. 1, PageID # 3–8). It also appears that Humphrey is requesting that this Court order the state to dismiss the criminal charges against him, and to order him released him from the state's custody. (*See id.*).

■ A defendant who is in pre-trial detention may file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *Atkins v. Michigan,* 644 F.2d 543, 546 n. 1 (6th Cir.1981). Humphrey is in pretrial custody, and has not yet been convicted of any charge. Consequently, the Court reviews his *habeas* petition under Section 2241.

■ A prisoner held under state authority is not generally discharged by a federal writ of *habeas corpus* "in advance of any proceedings or trial in the courts of the state to test the validity of his

---

1. Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

2. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and thus are to be liberally construed by the Court. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir.2001).

3. Although Humphrey does not use the words "speedy trial" in his petition, he does complain that he "sits in limbo awaiting trial" and that it "could foreseeably [be] a year Petitioner is sitting in the County Jail awaiting Due Process as guaranteed him via the Fourteenth Amendment." (Doc. 1, Att. 1, PageID# 4–5). The Court therefore construes this complaint to be an allegation by Humphrey that he is being denied a speedy trial.

arrest and detention." *Veach v. Smith*, 42 F.Supp. 161, 162 (M.D.Pa.1941). Federal courts should abstain from the exercise of Section 2241 *habeas* jurisdiction "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546. Abstention from the exercise of *habeas* jurisdiction is justified under the doctrine of comity, and the practice of "exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.* The constitutional right to a speedy trial does not generally qualify as a special circumstance which eliminates the exhaustion requirement. *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir.1987).

■ Federal courts routinely reject petitions for pretrial *habeas* relief, with two important exceptions. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir.2000). "A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), [which requires] federal courts to abstain from interfering with pending state criminal proceedings." *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir.1992). *See also Justices of Superior Court*, 218 F.3d at 18–19 (double jeopardy exception).

The second, more relevant, exception involves "certain speedy trial claims." *Justices of Superior Court*, 218 F.3d at 19. Federal courts distinguish between relief which would dismiss a state court case on speedy trial grounds, as Humphrey seemingly requests here, and an order requiring a prompt state trial. *Atkins*, 644 F.2d at 546. In other words, a distinction is drawn between "a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Dickerson*, 816 F.2d at 227.

■ A request that the state be ordered to grant a defendant a speedy trial may be granted, under the proper circumstances, provided that the defendant has exhausted his available state remedies on the issue. *Justices of Superior Court*, 218 F.3d at 18 n. 5; *Dickerson*, 816 F.2d at 228; *Atkins*, 644 F.2d at 546–547 (citing *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)). *See generally Roth v. McGuire*, No. 1:06CV2733, 2007 WL 315766, at *2, 2007 U.S. Dist. LEXIS 6603, at *5 (N.D.Ohio Jan. 30, 2007) (even under Section 2241, exhaustion required as a matter of comity).

On the other hand, a request to dismiss the charges before trial, or before any state adjudication on the alleged speedy trial violation, involves the comity considerations which underlie the doctrine of exhaustion. Such a petition may be characterized as an "effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes," or "an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 491, 493, 93 S.Ct. 1123.

■ As discussed *supra*, requiring the exhaustion of state remedies is intended to protect the state courts' opportunity to resolve constitutional issues and to limit federal interference in state judicial proceedings. *Atkins*, 644 F.2d at 546. These considerations are "especially forceful in a situation involving a speedy trial claim." *Id.* The state court may rule in the defendant's favor on his speedy trial motions, or a trial may lead to acquittal for the defendant. *See generally Justices of Superior Court*, 218 F.3d at 17–18 (citing cases).

"This court is not at liberty to presume that the decision of the state court would be otherwise than is required by the fundamental law of the land." *Veach,* 42 F.Supp. at 162.

Here, Humphrey has not exhausted his available state remedies. In fact, Humphrey, through counsel, has filed a motion—which is currently pending before the state trial court—to suppress evidence from being used against him with respect to his aggravated robbery and weapons charges. *See State of Ohio v. Humphrey,* Montgomery Co. C.P. Case No.2011–CR–00420, Docket Sheet. Humphrey has not yet filed any motion in the state court action to dismiss the charges against him. Nor has he filed any motion on speedy trial grounds. *See id.* Consequently, the state court has not had the opportunity to rule on either issue, let alone on Humphrey's evidence suppression motion or the legalities of the search and seizure. In addition, the Montgomery County Clerk of Courts reports that a status conference in the state court action is currently set for October 27, 2011.

Therefore, the Court finds that Humphrey's *habeas* action should be dismissed because he has failed to exhaust the state court remedies available to him in the criminal action. Moreover, the Court finds that this case also should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because, for the reasons stated above, Humphrey's petition fails to state a claim on which relief may be granted.

### RECOMMENDATION

It is therefore **RECOMMENDED** that Humphrey's Section 2241 petition for a writ of *habeas corpus* be denied without prejudice and this case be terminated upon the Court's docket. The Clerk shall promptly mail a copy of this Report & Recommendation to the *pro se* Petitioner.

October 20, 2011